IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| AUDRA MOORE,<br><br>**Plaintiff,**<br><br>v.<br><br>BOARD OF PUBLIC UTILITIES EMPLOYEES' CLUB, INC., et al.,<br><br>**Defendants.** | Case No. 2:24-cv-02600-HLT-GEB |

**MEMORANDUM AND ORDER**

This is an employment-discrimination case brought by Plaintiff Audra Moore. Plaintiff claims she was subjected to discrimination and retaliation based on race, sex, and age. Defendant Unified Government of Wyandotte County moves to dismiss any claims that are unexhausted, the age-based claim, the retaliation claims, and any claim for punitive damages. Doc. 5.

The Court grants in part and denies in part the motion. Plaintiff failed to exhaust any age-discrimination claim and has failed to state claims for retaliation. Her claim for punitive damages is also improper against Defendant. The Court dismisses those claims. The Court denies the motion to the extent Defendant seeks to dismiss any claim based on Plaintiff's termination as not timely exhausted.

**I.  BACKGROUND**[1]

Plaintiff is an African American female who is over age 40. Doc. 1 at ¶ 11. Defendants are the Unified Government of Wyandotte County and its Board of Public Utilities Employees' Club. *Id.* ¶¶ 2-3. Defendants employed Plaintiff in a security position since 2014. *Id.* ¶ 9.

---

[1]  The following facts are taken from the well-pleaded facts in the amended complaint, Doc. 3, and are accepted as true for purposes of deciding the motion to dismiss.

Plaintiff would sometimes fill in at the location where her husband also worked. *Id.* ¶ 12. When Plaintiff's husband's position became available on August 4, 2022, Plaintiff's white manager, Randy, gave Plaintiff the position because she was the most senior staff. *Id.* ¶ 13.

Although the security post was normally manned by two guards, Randy told Plaintiff she would be the only guard. *Id.* ¶ 14. Plaintiff was instructed to close the gate and put up a sign when she had to use the restroom. *Id.* ¶ 16. Whenever Plaintiff used the restroom, Randy got upset because employees emailed him to report it. *Id.* ¶ 15. Employees would line up at the gate and honk their horns and call the office. *Id.* ¶ 17.

Randy and Jeff, another white employee, subsequently decided Plaintiff would not be allowed to take any breaks. *Id.* ¶¶ 18, 28. When Plaintiff's break started, Randy would usher her back to work. *Id.* ¶ 19. She worked a nine-hour shift alone. *Id.* ¶ 22. Her requests for assistance were denied. *Id.* ¶ 23. Plaintiff requested a different position, but the request was denied. *Id.* ¶ 24.

Randy also required Plaintiff to complete logs of everyone who came on to the property, which others did not have to do. *Id.* ¶ 20. Randy treated Plaintiff differently than other employees and obsessively monitored her. *Id.* ¶ 21. Plaintiff would say "good morning" when clocking in to work. *Id.* ¶ 25. No one responded except a black employee named Tony. *Id.* ¶ 26. Because Tony talked to Plaintiff, white employees made fun of him and claimed he was dating Plaintiff. *Id.* ¶ 27. Randy once told Plaintiff that Jeff had emailed pictures of Plaintiff and said, "she looks like she is going to Wal-Mart." *Id.* ¶ 28.

In June 2023, Randy texted Plaintiff's husband and asked if he would replace Plaintiff at the guard station. *Id.* ¶ 29. Plaintiff called Randy about it, and he told Plaintiff he had to fire her because the guys did not want her there. *Id.* ¶ 30. After Plaintiff was fired, another employee told

her that she was fired because of her clothes. *Id.* ¶ 31. After Plaintiff was fired, Defendant went back to having two guards at the guard station. *Id.* ¶ 32.

Plaintiff asserts claims for race and sex discrimination under Title VII, retaliation under Title VII, and age discrimination and retaliation under the ADEA. Defendant Unified Government[2] moves to dismiss Plaintiff's ADEA and retaliation claims, as well as her claims for punitive damages and claims that fall outside the administrative-exhaustion period. Doc. 5.

## II.   STANDARD

A complaint survives a Rule 12(b)(6) motion to dismiss when it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation and citation omitted). A claim is plausible if there is sufficient factual content to allow a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a 'probability requirement.'" *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation and citation omitted). A court must accept as true all well-pleaded allegations in the complaint, but it does not accept legal conclusions or conclusory statements. *Id.* at 678-79.

## III.   ANALYSIS

### A.   Failure to Exhaust

Defendant moves to dismiss any unexhausted claims. Doc. 6 at 3-4. The only specific item discussed is Plaintiff's termination. Defendant argues that 300 days before the filing of Plaintiff's

---

[2]  The motion to dismiss is brought only by the Unified Government. The motion states that the Board of Public Utilities Employees' Club was not Plaintiff's employer and is not a proper party to the lawsuit. *See* Doc. 6 at 1. This seems to be an ongoing dispute between the parties. Regardless, this is not relevant to the current motion. The docket does not reflect that the Board of Public Utilities Employees' Club has been served.

charge of discrimination is June 9, 2023.[3] *Id.* at 4. Thus, anything that occurred before that date is not timely exhausted. Although Plaintiff claims she was terminated in "June of 2023," Defendant argues claims based on termination should be dismissed because this date is too vague. *Id.*

In most instances, a plaintiff asserting employment-discrimination claims must exhaust administrative remedies. *See Reynard v. Washburn Univ. of Topeka*, 2022 WL 5167610, at *8 (D. Kan. 2022). A plaintiff may not pursue claims not timely exhausted. *See Johnson v. BlueCross Blueshield Kan. Sols., Inc.*, 2024 WL 4679215, at *4 (D. Kan. 2024). For discrete claims of discrimination or retaliation, a party generally must file an administrative complaint within 300 days of the alleged unlawful practice. *Mitchell v. City & Cnty. of Denver*, 112 F. App'x 662, 668-69 (10th Cir. 2004).

Plaintiff argues in her response that the charge of discrimination recites that the discrimination took place between July 7, 2014, and June 21, 2023. Doc. 10 at 2; *see also* Doc. 3-1 at 1. Plaintiff's amended complaint states she was terminated in "June of 2023." Defendant seems to agree that anything after June 9, 2023, is timely exhausted.

Under these circumstances, the Court does not find Plaintiff failed to exhaust her termination. Failure to exhaust is an affirmative defense. *See Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1185-86 (10th Cir. 2018). The Court cannot determine from the face of the complaint that Plaintiff's termination falls outside the exhaustion period. *See Cirocco v. McMahon*, 768 F. App'x 854, 858 (10th Cir. 2019) ("Although failure to exhaust is now an affirmative defense, it may be raised in a motion to dismiss when the grounds for the defense appear on the face of the complaint."). If Defendant believes Plaintiff's termination took place outside the 300-day window

---

[3] The charge of discrimination is attached to the amended complaint and is properly considered. *See GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997). It is dated April 4, 2024. *See* Doc. 3-1 at 4. Three hundred days before that date is June 9, 2023.

4

for timely exhaustion, it may make that showing at a later time. But it has not done so on the current record. The motion is denied on this point.

**B.     ADEA**

Defendant moves to dismiss Plaintiff's ADEA claims because the charge of discrimination only checks the box for age discrimination but fails to contain any age-related complaints. Doc. 6 at 4-5. Defendant argues Plaintiff therefore failed to exhaust any age-related claims. *Id.* In response, Plaintiff points out that the charge of discrimination states she received her position because she was the "most senior" staff member but then faced discrimination. Doc. 10 at 2-3.

A plaintiff's lawsuit "is generally limited by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination submitted to the EEOC." *Smith v. Cheyenne Ret. Invs. L.P.*, 904 F.3d 1159, 1164 (10th Cir. 2018) (internal quotation and citation omitted). This is so both the charged party and the EEOC can attempt to conciliate the claim without litigation. *Id.* The charge of discrimination must include the facts underlying the alleged discriminatory or retaliatory actions. *Id.* The ultimate question is whether the conduct at issue in the lawsuit "would reasonably grow out of the charges actually made [in the EEOC charge]." *Id.* at 1164-65 (internal quotation and citation omitted; brackets in original).

The Court agrees with Defendant that Plaintiff failed to exhaust an age-discrimination claim.[4] Plaintiff did check a box indicating that age (along with race, sex, and retaliation) were the causes of discrimination. Doc. 3-1 at 1. But this alone is not sufficient to exhaust administrative remedies where there are no <u>facts</u> about alleged age discrimination included. *See Smith*, 904 F.3d at 1165 ("While the 2014 EEOC Charge does allege retaliation, it is clear from the text of that

---

[4] Defendant's motion to dismiss the ADEA claim is only based on failure to allege age discrimination in the charge of discrimination. Doc. 6 at 4-5. The reply brief seems to extend this argument to the amended complaint, i.e. that Plaintiff failed to plausibly allege age discrimination. Doc. 11 at 3-4. The Court focuses its analysis on whether Plaintiff exhausted an age-discrimination claim because that is the argument made in the motion.

charge that it does not encompass retaliation for having filed the 2012 EEOC Charge, which is the Title VII violation Ms. Smith now alleges in federal court."); *Bartlette v. Hyatt Regency*, 208 F. Supp. 3d 311, 327 (D.D.C. 2016) (finding a plaintiff failed to exhaust administrative remedies where he checked the box for retaliation but did not allege that any poor treatment began after he complained about discrimination); *Cooper v. Xerox Corp.*, 994 F. Supp. 429, 436 (W.D.N.Y. 1998) ("Moreover, even if it were considered part of the charge, it is well-settled that merely checking a box, or failing to check a box does not necessarily control the scope of the charge."); *Thomas v. Ameren U.E.*, 2018 WL 5078361, at *1 (E.D. Mo. 2018) ("Therefore, because plaintiff merely checked a box and did not substantively explain her alleged claim of disability discrimination, plaintiff did not exhaust her administrative remedies as to her ADA claim."); *Ayoola v. OG&E Energy Corp.*, 2014 WL 111144, at *2 (W.D. Okla. 2014) ("Merely checking a box for retaliation in the Charge of Discrimination is insufficient where a plaintiff does not allege any facts in the charge related to retaliation."). *But see Melton v. SEPTA*, 2024 WL 1163537, at *5 (E.D. Pa. 2024) ("This Court is persuaded, at this time, that while checking a box is not a necessary condition to exhausting an EEOC charge, it is a sufficient one.").

Turning to the narrative portion of her charge of discrimination, the only possible reference to her age is Plaintiff's contention that she was given her position because she was the "most senior" employee. Doc. 3-1 at 2. This does not necessarily equate to Plaintiff attaining any specific age, nor does it say anything about Plaintiff's age as compared to her coworkers. More importantly, there are no allegations in the charge of discrimination that any allegedly adverse actions were taken against her because of her seniority status, let alone her age. Indeed, the only reference to Plaintiff's seniority is that Randy hired her due to seniority. *Id.* Given this singular allegation, it

6

would be unreasonable to expect anyone investigating the charge of discrimination to assume that Plaintiff was also alleging that Randy <u>fired</u> her for the same reason.

The Court finds Plaintiff has failed to exhaust a claim for age discrimination under the ADEA. That claim (Count V) is dismissed without prejudice. *See Smith*, 904 F.3d at 1166 ("Ordinarily, a dismissal based on a failure to exhaust administrative remedies should be <u>without</u> prejudice." (internal quotation and citation omitted)).

**C.     Retaliation**

Defendant moves to dismiss Plaintiff's retaliation claims because she did not include any allegations about retaliation in her charge of discrimination and because the amended complaint likewise fails to state a claim for retaliation under either Title VII or the ADEA. Doc. 6 at 6-8. Specifically, there are no claims of protected activity or adverse action taken as a result. *Id.*[5]

Plaintiff's response brief generally just recites the allegations in the complaint, including that her requests for assistance and for a different position were denied. Doc. 10 at 4-5. She also states that when she "spoke up about her employment situation at work," she was denied help and subjected to retaliation. *Id.* at 5. Defendant contends in the reply that this is not sufficient to allege protected activity. Doc. 11 at 5.

A prima facie claim of retaliation requires a plaintiff to show "(1) that [she] engaged in protected opposition to discrimination, (2) that a reasonable employee would have found the challenged action materially adverse, and (3) that a causal connection existed between the protected activity and the materially adverse action." *Reznik v. inContact, Inc.*, 18 F.4th 1257, 1260 (10th Cir. 2021); *see also MacKenzie v. City & Cnty. of Denver*, 414 F.3d 1266, 1278-79

---

[5] Defendant argues that both the charge of discrimination and the amended complaint fail to sufficiently allege retaliation. Doc. 6 at 6-8. The Court focuses its analysis on the allegations of the amended complaint and finds they do not plausibly allege retaliation.

(10th Cir. 2005), *abrogated on other grounds by Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166 (10th Cir. 2018) (listing similar elements of an ADEA retaliation claim). Protected activity for purposes of a retaliation claim includes opposition to discrimination made illegal under Title VII. *Iweha v. State of Kan.*, 121 F.4th 1208, 1233 (10th Cir. 2024); *MacKenzie*, 414 F.3d at 1278 ("Such [protected activity under the ADEA] includes opposing or complaining about age discrimination by the employer.").

The Court finds Plaintiff has failed to state a claim for retaliation, whether under Title VII or the ADEA. There are no allegations that Plaintiff engaged in any protected activity. At most, the complaint states she requested assistance at the guard station and asked for a different position. *See* Doc. 3 at ¶¶ 23-24.[6] But "[g]eneral complaints about company management" are not protected activity. *Iweha*, 121 F. 4th at 1234 (internal quotation and citation omitted). There are no facts suggesting that Plaintiff requested assistance or asked for a different job in the context of complaining about race, sex, or age discrimination. There are no facts that Plaintiff ever complained about or reported any such discrimination at all. Without protected opposition to discrimination, there can be no retaliation. *See id.* (stating that the "absence of a reference to unlawful discrimination" precludes a retaliation claim because the employer "cannot engage in unlawful retaliation if it does not know that the employee has opposed or is opposing a violation of Title VII" (internal quotation and citation omitted)); *Petersen v. Utah Dep't of Corr.*, 301 F.3d 1182, 1188 (10th Cir. 2002) ("It therefore follows that Petersen's superiors could not know that

---

[6] The only other factual allegation of Plaintiff discussing her employment is that she called Randy after Randy asked her husband to replace her. Doc. 3 at ¶¶ 29-30. But this occurred after Randy decided to fire Plaintiff. The amended complaint also includes the conclusory statement that Plaintiff "engaged in protected activity by reporting and opposing conduct made unlawful by Title VII as described above, including complaining of race discrimination . . . ." *Id.* ¶ 44; *see also id.* ¶ 61 (same allegation as to sex discrimination); *id.* ¶ 80 (same allegation as to age discrimination). But the Court does not consider conclusory allegations.

she was engaging in protected opposition unless they knew that her opposition was based (at least in part) on Tansy's bigoted motives.").

Plaintiff's claims for retaliation under both Title VII and the ADEA (Counts II, IV, and VI) are therefore dismissed with prejudice for failure to state a claim. *See Rollins v. Wackenhut Servs., Inc.*, 703 F.3d 122, 132-33 (D.C. Cir. 2012) (Kavanaugh, J., concurring) (explaining that dismissal under Rule 12(b)(6) is generally with prejudice unless stated otherwise and that opportunities to amend under Rule 15 in response to motions to dismiss provide a fair opportunity for a plaintiff to avoid such a result).

### D. Punitive Damages

Defendant argues that any claim for punitive damages must be dismissed because Plaintiff cannot recover punitive damages against a public entity. Doc. 6 at 8. Plaintiff concedes this point. Doc. 10 at 6. Defendant's motion on this point is therefore granted.

### IV. CONCLUSION

THE COURT THEREFORE ORDERS that Defendant Unified Government's Partial Motion to Dismiss (Doc. 5) is GRANTED IN PART and DENIED IN PART. Plaintiff's ADEA discrimination claim (Count V) is dismissed without prejudice for failure to exhaust. Plaintiff's retaliation claims (Counts II, IV, and VI) are dismissed with prejudice for failure to state a claim. Plaintiff's claim for punitive damages is likewise dismissed with prejudice. The motion is denied to the extent Defendant moves to dismiss the race and sex discrimination claims (Counts I and III) based on Plaintiff's termination.

IT IS SO ORDERED.

Dated: April 3, 2025				/s/ *Holly L. Teeter*
						HOLLY L. TEETER
						UNITED STATES DISTRICT JUDGE